## STATE of Minnesota, Appellant,

v.

## William E. MORTON, Respondent.

### No. C0–84–1318.

Court of Appeals of Minnesota.

Feb. 12, 1985.

Hubert H. Humphrey, III, Atty. Gen., Thomas J. Johnson, Hennepin County Atty., Michael Richardson, Asst. County Atty., Minneapolis, for appellant.

C. Paul Jones, Minn. State Public Defender, Mollie G. Raskind, Asst. Public Defender, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

### SUMMARY OPINION

PARKER, Judge.

On November 24, 1983, Lorraine Eischen's purse was snatched while she was inside the garage of her Minneapolis home. The robber, a few feet away, asked Eischen for the time, then grabbed her purse and ran away. She described her assailant as

young, black, clean-shaven, and wearing a dark or brown hooded sweatshirt with the hood up. She attended a lineup on December 3, 1983, and recognized appellant William Morton as soon as he walked in. She also recognized his voice after each lineup participant was told to say, "what time is it." Eischen positively identified Morton in court as the robber.

On November 29, 1983, as Marsha Lane got off a bus in Minneapolis, she was hit from behind and knocked into a snowbank. She immediately realized that her purse and briefcase were gone. She saw her assailant about six feet distant as he was running away. She described him as young, between 140 and 200 pounds, in good condition, and wearing a dark-colored, hooded sweatshirt with the hood up. She also attended the same lineup Eischen viewed on December 3 and immediately identified Morton as her assailant. She also identified Morton in court as the robber and testified that "as soon as the suspect, the six people in the lineup walked into the room, I identified an individual immediately, and the physical reaction was so strong that I had to hold onto the wall for support. It's quite a jolt to see the person again."

At Morton's trial for simple robbery of Eischen and Lane *Spreigl* evidence was introduced showing that on October 19, 1983, as Mary Jane Nolting caught a bus in the morning, she felt someone brush by her and grab her purse. She described the man as being in his early twenties, between 5′ 10″ and 6′ tall, and wearing a maroon sweatshirt. She also attended the lineup on December 3 and was 100 percent positive of her identification of Morton at that time.

Morton was convicted of two counts of simple robbery in violation of Minn.Stat. § 609.24 (1982) and was sentenced to consecutive prison terms of 18 and 30 months.

## DECISION

We have reviewed the photograph of the lineup that was used in this case and agree with the trial court that the lineup was not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable mistaken identification. *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). The six people were all of the same race and relatively close in age and height. As we stated in an earlier case, "[l]ineups need not use exact clones of an accused." *State v. Farr*, 357 N.W.2d 163, 165 (Minn.Ct.App. 1984).

 Morton's contention that the evidence was insufficient to sustain the guilty verdicts is without merit because the eyewitness identification of the victims in both crimes was positive. The jury was entitled to give the weight it obviously gave to both Eischen's and Lane's testimony and was entitled to disbelieve Morton's contrary testimony.

Affirmed.